## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

FILED-CLERK
U.S. DISTRICT COURT

00 DEC 19 PM 1:50

TEXAS-EASTERN

BY _____

| | | |
|---|---|---|
| **TRANS TEXAS TIRE, INC.**<br>**and TOM WALKER,** | § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO.** _500CV344_ |
| **v.** | § § | |
| **CARLISLE COMPANY, INC.,**<br>**UNIQUE WHEEL, INC. and**<br>**ED MILLS,** | § § § § | |
| **Defendants.** | § § | |

## NOTICE OF REMOVAL

Defendants Carlisle Company, Inc., Unique Wheel, Inc. and Ed Mills ("Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446(a) and, in support thereof, would show the following:

### A. Introduction

1.  Trans Texas Tire, Inc. and Tom Walker are Plaintiffs. Carlisle Company, Inc., Unique Wheel, Inc. and Ed Mills are Defendants.

2.  On or about October 27, 2000, Plaintiffs filed a civil action styled <u>Trans Texas Tire, Inc. and Tom Walker v. Carlisle Company, Inc, Unique Wheel, Inc. and Ed Mills</u>, Cause No. 28,944, in the 76/276th Judicial District Court of Titus County, Texas (the "State Court Action") against Defendants alleging claims of breach of contract, tortious interference, fraud, negligent misrepresentation, and injunctive relief.

**NOTICE OF REMOVAL—Page 1**

3.     Defendants Ed Mills, Unique Wheel, Inc., and Carlisle Company, Inc. were served with notice of the State Court Action on November 29, 2000. Defendants timely filed this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## B. Basis for Removal

4.     Removal is proper because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Plaintiff Trans Texas Tire, Inc. ("TTTI") is and was a Texas Corporation with its principle place of business in Athens, Texas both at the time of commencement of the State Court Action by the filing of Plaintiffs' Original Petition and at the time of removal. Plaintiff Tom Walker ("Walker") is and was an individual residing in Texas both at the time of commencement of the State Court Action by the filing of Plaintiffs' Original Petition and at the time of removal. Defendant Carlisle Company, Inc. ("CCI") is and was a Delaware corporation with its principal place of business in Syracuse, New York both at the time of commencement of the State Court Action by the filing of Plaintiffs' Original Petition and at the time of removal. Defendant Unique Wheel, Inc. ("Unique") is and was a California Corporation with its principal place of business in Syracuse, New York both at the time of commencement of the State Court Action by the filing of Plaintiffs' Original Petition and at the time of removal.

5.     Plaintiffs herein also name Ed Mills ("Mills") as a Defendant. Mills is and was a resident of Texas and the only nondiverse Defendant named in the case. The citizenship of this Defendant should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. § 1441(b) because he has been fraudulently joined to defeat diversity jurisdiction. There is no possibility that Plaintiffs will be able to establish liability against Mills and,

therefore, under the law of this circuit, Mills has been improperly and fraudulently joined to avoid diversity jurisdiction. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115 (5th Cir. 1979) ("If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent and lack of diversity will not prevent removal" (collecting cases)).

6.    In specific, Plaintiffs' joinder of Mills is improper because there are no facts alleged that would support any of Plaintiffs' causes of action against Mills. "Speculative and conclusory allegations do not state a cause of action without factual support." *Jewell v. City of Covington*, 425 F.2d 459, 460 (5th Cir.), *cert. denied*, 400 U.S. 929 (1970).    Moreover, "[f]ailure to specify a factual basis for recovery against a non-diverse party constitutes a failure to state a claim and fraudulent joinder of that party." *See Waters v. State Farm Mut. Auto Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994) (citations omitted).

7.    At all times relevant, Mills acted solely in his capacity as an employee of Unique and has never done business in a personal capacity with Plaintiffs.  To state an actionable claim against Mills, Plaintiffs would have to provide some factual basis to support that Mills acted towards Plaintiffs in his personal capacity.  Plaintiffs have not and cannot assert any such facts. Further, at no time did Mills individually offer to purchase Plaintiffs' business.  Additionally, Plaintiffs' Original Petition does not claim that Mills requested any "confidential information" from Plaintiffs, nor did Mills execute what Plaintiffs claim is a "Confidentiality Agreement" attached to their Original Petition as Exhibit A, either in his individual capacity or in his capacity as a representative of Unique.  Plaintiffs' joinder of Mills as a Defendant is without legal cause or justification.  The conduct complained of by Plaintiffs against Mills does not constitute a

cognizable cause of action.  Further, Plaintiffs' joinder of Mills as a defendant is based on the improper motive of avoiding federal diversity jurisdiction.

8.     Plaintiffs have made representations that the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys fees. Specifically in their petition, Plaintiffs claim that Defendants are trying to put them "out of business." *See* Plaintiffs' Original Petition and Application for Temporary Restraining Order and Temporary Injunction at 4. Additionally, Plaintiffs' claim in their petition that their business has annual sales of approximately $3-5 million. *Id*. at 2.  Therefore, it is reasonable to conclude Plaintiffs' claim the value of their business exceeds $75,000.00.

9.     Excluding the improper and fraudulent joinder of Mills, there existed complete diversity of citizenship between Plaintiffs and Defendants at the time Plaintiffs' Original Petition was filed, and complete diversity has existed at all times from commencement of this lawsuit to the present time.

10.    Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

11.    In accordance with the provisions of 28 U.S.C. §1446(d), Defendants will promptly file a copy of this notice of removal with the clerk of the state court in which the action has been pending and serve written notice upon Plaintiffs.

12.    The following information is provided pursuant to Local Civil Rule CV-81(c):

The parties and attorneys involved in this matter are as follows:

**Plaintiffs:**   Tom Walker and Trans Texas Tire, Inc.

               David Fielding
               State Bar No. 06974500
               Jeff L. Jones
               State Bar No. 00787789

**NOTICE OF REMOVAL—Page 4**

Fielding, Parker, Jones & Posey, L.L.P.
2700 Airport Freeway
Fort Worth, Texas 76111-2332
Telephone:(817) 759-2200
Telecopier: (817) 759-0482

ATTORNEYS FOR PLAINTIFF TRANS
TEXAS TIRE, INC. and TOM WALKER

**Defendants:** Carlisle Company, Inc., Unique Wheel, Inc. and Ed Mills.

William T. Hankinson
State Bar No. 08915500
Lisa S. Gallerano
State Bar No. 07589500
M. Scott Barnard
State Bar No. 24001690
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201-4618
Telephone: (214)969-4770
Telecopier: (214)969-4343

Damon Young
State Bar No. 22176700
Young & Pickett
4122 Texas Boulevard
P.O. Box 1897
Texarkana, Texas 75504

ATTORNEYS FOR DEFENDANTS CARLISLE COMPANY, INC.,
UNIQUE WHEEL, INC. and ED MILLS

No party has requested a jury trial at this time.

This removed case is still pending.

This case is being removed from state district court for the 76th/276th Judicial District, 105 West
1st Street, Courthouse Annex, Mount Pleasant, Titus County, Texas 75455.

**NOTICE OF REMOVAL—Page 5**

Attached to this notice is an index of all documents filed in state court (attached to this notice as Exhibit A), a copy of the docket sheet in the state court action (attached to this notice as Exhibit B), and each document filed in the state court action (attached to this notice as Exhibit C).

13.     This Notice of Removal is brought on behalf of all Defendants, each of whom has authorized the undersigned attorney to represent them in this case.

### C. Conclusion

WHEREFORE, Defendants Carlisle Company, Inc., Unique Wheel, Inc., and Ed Mills request that this Court accept this Notice of Removal as good and sufficient, that this case be removed from state court to federal court for trial and determination as provided by law, that this Court proceed with this action as if it had originally commenced in this Court, and that this Court make all orders necessary and appropriate to effectuate this removal.

Respectfully submitted,

William T. Hankinson
State Bar No. 08915500
Lisa S. Gallerano
State Bar No. 07589500
M. Scott Barnard
State Bar No. 24001690
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201-4618
Telephone: (214)969-4770
Telecopier: (214)969-4343

Damon Young
State Bar No.  22176700
Young & Pickett
4122 Texas Boulevard
P.O. Box 1897
Texarkana, Texas 75504

ATTORNEYS FOR DEFENDANTS

**NOTICE OF REMOVAL—Page 7**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served, by certified mail, return receipt requested, addressed to Plaintiff's counsel of record:

> Jeff Jones
> Fielding, Parker, Jones & Posey, L.L.P.
> 2700 Airport Freeway
> Fort Worth, Texas 76111

on this 19 day of December 2000.

**NOTICE OF REMOVAL—Page 8**

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| **TRANS TEXAS TIRE, INC.** | § | |
| **and TOM WALKER,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **v.** | § | |
| | § | |
| **CARLISLE COMPANY, INC.,** | § | |
| **UNIQUE WHEEL, INC. and** | § | |
| **ED MILLS,** | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF STATE COURT DOCUMENTS

1. Plaintiffs' Original Petition and Application for Temporary Restraining Order and Temporary Injunction filed 10/27/2000

2. Order on Hearing for Plaintiffs' Application for Temporary Injunction dated 11/15/00

3. Citation to Carlisle Company, Inc. dated 11/22/00

4. Citation to Ed Mills dated 11/22/00

5. Citation to Unique Wheel, Inc. dated 11/22/00

6. Return of Service for Carlisle Company, Inc. dated 11/22/00

7. Return of Service for Ed Mills dated 11/25/00

8. Return of Service for Unique Wheel, Inc. 11/29/00

9. Temporary Restraining Order dated 11/30/00

10. Plaintiff's Motion to Extend Hearing on Temporary Restraining Order dated 12/6/00

11. Order to Extend Hearing Date on Temporary Restraining Order dated 12/6/00



EXHIBIT

_A_

12.   Defendants' Motion to Transfer Venue and, Subject Thereto, Original Answer dated 12/19/00

13.   Response to Defendants' Motion to Transfer Venue dated 12/15/00